IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Uniloc 2017 LLC ("Uniloc"), for its complaint against defendant, Apple Inc. ("Apple"), alleges:

**THE PARTIES**

1.  Uniloc 2017 LLC is a Delaware limited liability company having addresses at 1209 Orange Street, Wilmington, Delaware 19801; 620 Newport Center Drive, Newport Beach, California 92660; and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2.  Apple is a California corporation having a regular and established places of business at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas.

**JURISDICTION**

3.  Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## CLAIM FOR PATENT INFRINGEMENT

4. Uniloc is the owner, by assignment, of U.S. U.S. Patent No. 6,856,616 entitled SYSTEM AND METHOD FOR PROVIDING SERVICE PROVIDER CONFIGURATIONS FOR TELEPHONES USING A CENTRAL SERVER IN A DATA NETWORK TELEPHONY SYSTEM, which issued on February 15, 2005 ("the '616 Patent"). A copy of the '616 Patent is attached as Exhibit A.

5. The '616 Patent describes in detail, and claims in various ways, inventions in providing telephone service provider access to users of electronic devices connected to a data network.

6. The '616 Patent describes problems and shortcomings in the then-existing field of providing telephone service provider access to users of electronic devices connected to a data network. *See*, *e.g.*, Ex. A at 2:46-64. The '616 Patent describes and claims novel and inventive technological improvements and solutions to these problems and shortcomings.

7. The written description of the '616 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved upon what may have been considered conventional or generic.

8. Apple imports, uses, offers for sale, and sells in the United States electronic devices that connect to data networks, such as the AT&T 4G LTE network, and provide telephone functionality over such networks, including the following: iPhone5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XR, iPhone XS, iPhone XS Max; iPad (4th, 5th gen.), iPad Mini cellular + WiFi, iPad Mini 2, iPad Mini 3, iPad Mini 4, iPad Pro, iPad Air, iPad Air 2, Apple Watch Series 4, Apple Watch Series 3, (together, "Accused Infringing Devices").

9. The Accused Infringing Devices include an interface for detecting the presence of a data network. For example, the iPhone 8 uses, *inter alia*, a Qualcomm MDM9655 Snapdragon X16 LTE processor, a Qualcomm WTR5975 LTE RF transceiver, and an Apple WiFi/Bluetooth module.

10. The Accused Infringing Products include telephone initiation capability and are capable of receiving and sending digitized voice signals in data packets over the AT&T 4G LTE network. For example, the iPhone 8 uses, *inter alia*, the Apple A11 Bionic processor, the Qualcomm LTE processor, and an Apple/Cirrus 338S00248 component.

11. The Accused Infringing Devices are able to identify within-range servers of a data network. For example, iPhones obtained from AT&T include an AT&T-specific SIM card that allows the devices, *inter alia*, to establish a connection with servers in the AT&T 4G LTE network.

12. The Accused Infringing Devices use a unique identifier, recognized by the data network operator's servers (such as AT&T's servers), that provide a proxy server address to the telephone through which the configuration of service may be established.

13. Apple has infringed, and continues to infringe, at least claims 1-8 and 10-19 of the '616 Patent in the United States by using, offering for sale, selling, and importing the Accused Infringing Devices.

14. Apple has also infringed, and continues to infringe at least claims 1-8 and 10-19 of the '616 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. Apple's customers who use the Accused Infringing Devices in accordance with Apple's instructions as described above infringe at least claims 1-8 and 10-19 of the '616 Patent. Apple intentionally instructs its customers to use the Accused Infringing Devices in an

infringing manner through training videos, demonstrations, brochures, installation, and user guides, such as those located at:

- www.apple.com
- https://support.apple.com/en-us/HT201337
- https://support.apple.com/en-us/HT202033
- https://support.apple.com/en-us/HT202645
- https://support.apple.com/en-us/HT203089
- https://support.apple.com/en-us/HT203099
- https://support.apple.com/en-us/HT203969
- https://support.apple.com/en-us/HT209044
- https://support.apple.com/guide/watch/welcome/watchos
- https://help.apple.com/iphone/12/
- https://help.apple.com/iphone/11/
- https://help.apple.com/iphone/10/
- https://help.apple.com/ipad/12/
- https://help.apple.com/ipad/11/
- https://help.apple.com/ipad/10/
- www.apple.com/ipad/apple-sim/

Apple also induces infringement by failing to remove or distinguish infringing features of the Accused Infringing Devices.

15. Apple has also infringed, and continues to infringe, at least claims 1-8 and 10-19 of the '616 Patent by selling, offering for sale, and importing the Accused Infringing Devices, which devices are used in practicing the processes, or using the systems, of the '616 Patent and

constitute a material part of the invention. Apple knows that portions of the hardware and software contained in the Accused Infringing Devices to be especially made, or especially adapted for, use in infringement of the '616 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

16. Apple will have been on notice of the '616 Patent since, at the latest, the service of the complaint upon it in 1:18-cv-00851. By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1-8 and 10-19 of the '616 Patent.

17. Apple may have infringed the '616 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Products.

18. Uniloc has been damaged by Apple's infringement of the '616 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Apple:

(A) declaring that Apple has infringed the '616 Patent;

(B) awarding Uniloc its damages suffered as a result of Apple's infringement of the '616 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest; and

(D) granting Uniloc such further relief as the Court finds appropriate.

## **DEMAND FOR JURY TRIAL**

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: November 17, 2018              Respectfully submitted,

*/s/ Aaron Jacobs*
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON P.C.**
111 West Tyler Street
Longview, Texas 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

**ATTORNEYS FOR THE PLAINTIFF**