IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC, *et al.*, | No. C 18-00360 WHA |
| | No. C 18-00363 WHA |
| | No. C 18-00365 WHA |
| Plaintiffs, | No. C 18-00572 WHA |
| v. | |
| APPLE INC., | **ORDER DENYING** |
| | **MOTION TO RELATE** |
| Defendant. | |

The Court has reviewed defendant's motion to relate cases *Uniloc 2017 LLC v. Apple Inc.*, Case No. C 19-01905 JD, and *Uniloc 2017 LLC v. Apple Inc.*, Case No. C 19-01949 JSW, and plaintiffs' opposition thereto (Dkt. Nos. 185, 186).[*] The aforementioned actions were recently transferred to this district from the Western District of Texas and involve United States Patent Nos. 6,856,616 and 8,539,552, respectively (Dkt. No. 185 at 1–2).

Under Civil Local Rule 3-12, actions are considered related where (1) they "concern substantially the same parties, property, transaction or event"; and (2) it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Defendant argues that the recently-transferred actions should be related to the above-captioned actions because they involve the same parties, patents with overlapping inventorship, and closely-related technologies (involving "computer-telephony technologies") (*id*. at 1, 3).

None of the patents-in-suit involved in the recently-transferred actions are the same as those involved in the above-captioned actions. Defendant nevertheless asserts that both sets of

---

[*] The docket numbers referenced herein relate to Case No. C 18-00360 WHA.

actions (the above-captioned actions and the recently-transferred actions) involve "related computer-telephony technologies" (*id*. at 3). It argues that the technology covered by the '616 patent — asserted in Case No. C 19-01905 JD — is similar to that covered by United States Patent No. 6,446,127 ("the '127 patent") — asserted in one of the above-captioned actions, Case No. C 18-00572 WHA — in that they both "address[] a way of accessing telephone services through a communications network" (*ibid*.). Defendant notes that both patents share one inventor (among multiple) and that the '127 patent's specification incorporates by reference the application for the '616 patent. It further asserts that the technology covered by the '552 patent — asserted in Case No. C 19-01949 JSW — is also similar to the '127 patent because the '552 patent "covers access to call services by the user of a telephone" (*ibid*.). Defendant thus claims that there will likely be "significant overlaps in evidence" regarding patent ownership, licensing, prior art, accused products, and damages (Dkt. No. 185 at 3).

      The foregoing, however, fails to sufficiently show how this slight overlap in technology presents a risk of undue burden of duplicative labor or conflicting results under Civil Local Rule 3-12(a)(2) if the actions are not related. For example, defendant does not state any specific overlapping accused products that would be subject to duplicative discovery. Neither does defendant state any specific overlapping functionality involved in the technologies covered by the '127, '616, and '552 patents; defendant only discusses the technologies in high generalities. Only the '127 and '616 patents share just one inventor out of multiple inventors listed on both patents. And, while the '127, '616, and '552 patents might cover technologies generally related to "computer-telephony," as defendant asserts, the patents themselves contain different specifications and claims. In light of this, defendant has not sufficiently explained how the risk of conflicting results exists. Accordingly, defendant's administrative motion to relate is **DENIED**. *See Uniloc USA, Inc. v. Logitech, Inc.*, No. C 18-01304 LHK, 2018 WL 6340747, at *2 (N.D. Cal. Dec. 5, 2018).

      **IT IS SO ORDERED.**

Dated: May 24, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2