James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
Thomas R. Fulford
tfulford@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>          Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>          Defendant. | Civil Action No. 3:19-cv-01905-JD<br><br>**PLAINTIFF'S MOTION TO STAY**<br><br>DATE:     February 18, 2021<br>TIME:     10:00 a.m.<br>JUDGE:   Hon. James Donato |

Plaintiff, Uniloc 2017 LLC ("Uniloc 2017"), notices this motion to stay the action for a hearing on February 18, 2021 at 10 a.m.

Uniloc 2017 moves to stay this action pending the appeals of several District Court decisions that held Uniloc 2017 does not have standing to assert the patents it owns, including the patent involved in this action.

The decisions are those issued in this District by Judge Rogers on December 22, 2020 in *Uniloc 2017 LLC v. Google LLC* (Case No. 20-4355) regarding Uniloc 2017's lack of standing (Ex. A); by Judge Alsup on December 4, 2020 regarding prior owners Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s lack of standing in *Uniloc USA, Inc., et al. v. Apple Inc.* (Case No. 18-358) (Ex. B); and the District of Delaware's December 30 decision regarding Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s lack of standing in *Uniloc USA, Inc. et al. v. Motorola Mobility LLC* (Case No. 17-1658) (Ex. C).

1  Those decisions held that a third party had the ability to issue sublicenses to the patents in the Uniloc portfolio after April 30, 2017, and that ability deprived the Uniloc entities of constitutional standing to file infringement actions on those patents after that date, and that the lack of standing deprived the court of subject matter jurisdiction over the action. On that basis, those courts dismissed the actions.

Although those actions involved patents different from the one involved in this action, the decisions in those actions as to various factual and legal issues creates issue preclusion that would bind this Court, and cause this Court to dismiss this action for lack of subject matter jurisdiction. Apple has informed Uniloc 2017 it agrees that unless and until those decisions are reversed this Court lacks subject matter jurisdiction.

Uniloc 2017 has filed a notice of appeal in the *Google* actions, and the other Uniloc entities have filed a notice of appeal in the *Apple* action, and will soon file a similar notice in the *Motorola* action.

Until those appeals are resolved, it would seem this Court does not have jurisdiction and thus Uniloc 2017 requests the action be stayed.

DATED:  January 11, 2021

Respectfully submitted,

*/s/ James J. Foster*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
Thomas R. Fulford
tfulford@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

*Attorneys for Plaintiff*