1  Michael T. Pieja (CA Bar No. 250351)
2  Alan E. Littmann (*pro hac vice*)
   Doug Winnard (CA Bar No. 275420)
3  Emma C. Ross (*pro hac vice*)
   Shu Zhang (*pro hac vice*)
4  GOLDMAN ISMAIL TOMASELLI
     BRENNAN & BAUM LLP
5  200 S. Wacker Dr., 22nd Floor
   Chicago, IL 60606
6  Tel: (312) 681-6000
7  Fax: (312) 881-5191
   mpieja@goldmanismail.com
8  alittmann@goldmanismail.com
   dwinnard@goldmanismail.com
9  eross@goldmanismail.com
   szhang@goldmanismail.com
10
11 (Additional counsel listed in signature block)

12 *Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No.   Case No. 3:19-cv-01905-JD<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER**<br><br>JUDGE: Hon. James Donato |

In accordance with Civil Local Rule 7-11, Apple Inc. ("Apple") submits this motion for an order granting relief from the Protective Order in this litigation.

Apple and Intel Corporation filed suit against various defendants, including Uniloc 2017 LLC ("Uniloc"), on November 20, 2019 in *Intel Corp. v. Fortress Investment Group, et al.*, 3:19-cv-07651-EMC (N.D. Cal.) ("Antitrust Litigation"). On August 4, 2020, Apple and Intel filed an amended complaint. In their complaint and amended complaint, Apple and Intel are challenging the defendants', including Uniloc's, anticompetitive scheme of acquiring substitute and complementary patents in particular markets relating to electronic devices and components or software therein and processes used to manufacture them, and then using their aggregated portfolio to obtain patent royalties greatly exceeding the value of the alleged inventive contributions of and competitive prices for the patents. Apple and Intel have alleged in the Antitrust Litigation that the patent asserted in this litigation, U.S. Patent No. 6,856,616 ("the '616 patent") is one of those that has been aggregated anticompetitively. A manifestation of Fortress Investment Group's ("Fortress") and Uniloc's enforcement activity, on those substitute and complementary patents, is the barrage of 35 patents they have alleged Apple infringes across 24 U.S. lawsuits, including this one.

On January 6, 2021, the district court dismissed Apple and Intel's amended complaint and noted that Apple and Intel "could have . . . asked the courts presiding over [the Uniloc] infringement suits [against Apple] for relief from the protective order so that they could make a filing under seal in this case" in order to provide evidence to support these allegations, including about how much [Uniloc] "paid to acquire" patents at issue in the markets. (Antitrust Litig., Dkt. No. 230 at 26, n.9.) The district court further noted "shortcomings" it perceived in Apple and Intel's allegations about how the defendants are alleged to have "extracted supracompetitive royalties," including that (1) the amended complaint "provided no information about, *e.g.*, what these companies [which licensed specified patents from Uniloc] paid as part of their settlements with Uniloc," (2) there are no allegations regarding whether the patents identified in the amended complaint "represent the 'crown jewels' of the field or just a small portion of a large field of substitutes," and (3) Apple and Intel "failed to make allegations tying the pricing differential to aggregation of the patents at issue" in the amended complaint. (*Id.* at 23–27.) The district court

granted Apple and Intel leave to file a second amended complaint within 30 days, i.e., by February 5, 2021.

Apple and Intel intend to overcome these perceived shortcomings in a second amended complaint. To support the allegations in that complaint, Apple seeks limited relief from the protective order in the instant action to file under seal in the Antitrust Litigation (1) information describing the historical prices Uniloc paid for the '616 patent, such as the purchase price Uniloc paid to the prior owner, Hewlett-Packard, for the patent portfolio encompassing the '616 patent, (2) information describing the damages demands regarding the value or significance of the '616 patent that Uniloc has put forth in this litigation, and (3) information describing Fortress's and Uniloc's strategies to seek supracompetitive royalties. In particular, Apple requests permission (1) to share on an Outside Attorneys' Eyes Only basis the following information and documents with counsel for Apple and Intel in the Antitrust Litigation and (2) for counsel for Apple and Intel in the Antitrust Litigation to file under seal in the Antitrust Litigation portions of the following documents and the information contained in them:

- The price paid by Uniloc Luxembourg S.A. to acquire the portfolio that includes the '616 patent, as reflected in its Patent Sale Agreement with Hewlett Packard Enterprise Development, LP and Hewlett Packard Enterprise Company (UNILOC_APPLE_1905_3559–UNILOC_APPLE_1905_3573).
- The strategy of Uniloc entities and Fortress to acquire patents for the purpose of seeking supracompetitive royalties, as reflected in Fortress memoranda analyzing Uniloc and its acquisition and assertion strategies (UNILOC_APPLE_358_1023–34; UNILOC_FORTRESS_000050–132; UNILOC_FORTRESS_000392–440; UNILOC_FORTRESS_000441–51; UNILOC_FORTRESS_000452–86).
- The damages demands made by Uniloc for the '616 patent, as reflected in Uniloc's Patent Local Rule 3-8 Disclosures in this matter.

*Apple's Request for Relief from the Protective Order Should Be Granted*

The Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). When

1  evaluating whether to grant relief from a protective order, the court considers "the relevance of the
2  protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v.*
3  *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). Next, the court considers the
4  reliance interest of the party opposed to the relief; however, where a blanket protective order is at
5  issue, "any legitimate interest . . . can be accommodated by placing [the collateral litigants] under
6  the same restrictions on use and disclosure contained in the original protective order.'" *Id.* at 1133.
7  Applying this framework, Apple's limited request should be granted.

8        *First*, the limited information sought is relevant to Apple's allegations that aggregation of
9  patents by Uniloc and other of the Antitrust Litigation defendants in patent markets has reduced
10 competition and resulted in supracompetitive royalties. In particular, this information is relevant to
11 showing that following Uniloc's acquisition of the '616 patent, it has sought supracompetitive
12 royalties, which Apple alleges are a result of the anticompetitive conduct at issue in the Antitrust
13 Litigation. Indeed, the court's order in the Antitrust Litigation makes clear that Apple and Intel
14 should seek leave to include such information in an amended complaint. (*See* Antitrust Litig., Dkt.
15 No. 230 at 26 n.9.) Accordingly, disclosure of these documents would be consistent with Ninth
16 Circuit precedent favoring disclosure to meet the needs of parties in pending litigation. *See*
17 *Beckman*, 966 F.2d at 476; *Foltz*, 331 F.3d at 1131; *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D.
18 195, 204–06 (N.D. Cal. 2009) (allowing the plaintiff to use confidential material produced by the
19 defendant to pursue claims against the defendant in state court).

20       *Second*, Uniloc's confidentiality interests in the documents will be maintained by restricting
21 access to outside counsel in the Antitrust Litigation subject to the terms of the Protective Order in
22 this litigation and filing the confidential portions of Apple and Intel's second amended complaint
23 under seal. Purchase price and settlement amounts are considered trade secret information. *See, e.g.*,
24 *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (pricing terms, royalty rates,
25 guaranteed minimum payment terms of licensing agreement constituted trade secret); *Powertech*
26 *Tech., Inc., v. Tessera, Inc.*, No. 4:11-cv-06121-CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D.
27 Cal. May 31, 2012) ("compelling reasons to seal" license agreement). In the Antitrust Litigation,
28 the court has previously granted sealing requests relating to information about Intel's license and/or

patent purchase agreements with third parties and information about negotiations between either Intel or Apple and one or more defendants or non-parties contained in the original and amended complaints. (*See, e.g.*, Antitrust Litig., Dkt. No. 54 at 1; *id.*, Dkt. No. 193 at 1; *id.*, Dkt. No. 215 at 1.) That court has also previously sealed information about damages demands that a defendant in the Antitrust Litigation regards as confidential. (*See id.*, Dkt. No. 193 at 1.) Moreover, the January 6, 2021, ruling in the Antitrust Litigation specifically notes that Apple and Intel could seek relief from the protective order in other litigations "so that they [Apple and Intel] could make a filing under seal in this case," i.e., the Antitrust Litigation. (*Id.*, Dkt. No. 230 at 26 n.9.)

The Court should grant relief from the Protective Order to allow Apple to include (under seal) the information described above in their second amended complaint in the Antitrust Litigation. Apple respectfully requests that the Court do so by February 1, 2021, in advance of the February 5, 2021, deadline for filing a second amended complaint in the Antitrust Litigation.

Apple contacted counsel for Uniloc and Fortress to request its agreement to this request but was unable to obtain agreement. (Declaration of Doug Winnard ¶ 6.)

DATED:  January 25, 2021                              Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Doug Winnard*
　　　　　　　　　　　　　　　　　　　　　　　　Michael T. Pieja (CA Bar No. 250351)
　　　　　　　　　　　　　　　　　　　　　　　　Alan E. Littmann (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Doug Winnard (CA Bar No. 275420)
　　　　　　　　　　　　　　　　　　　　　　　　Emma C. Ross (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Shu Zhang (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　GOLDMAN ISMAIL TOMASELLI
　　　　　　　　　　　　　　　　　　　　　　　　　 BRENNAN & BAUM LLP
　　　　　　　　　　　　　　　　　　　　　　　　200 S. Wacker Dr., 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (312) 681-6000
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 881-5191
　　　　　　　　　　　　　　　　　　　　　　　　mpieja@goldmanismail.com
　　　　　　　　　　　　　　　　　　　　　　　　alittmann@goldmanismail.com
　　　　　　　　　　　　　　　　　　　　　　　　dwinnard@goldmanismail.com
　　　　　　　　　　　　　　　　　　　　　　　　eross@goldmanismail.com
　　　　　　　　　　　　　　　　　　　　　　　　szhang@goldmanismail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

# PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** has been served on January 25, 2021, to all counsel of record who are deemed to have consented to electronic service.

*/s/ Doug Winnard*
Doug Winnard (CA Bar No. 275420)