1  James J. Foster
   jfoster@princelobel.com
2  Aaron S. Jacobs (CA No. 214953)
   ajacobs@princelobel.com
3  Thomas R. Fulford
   tfulford@princelobel.com
4  PRINCE LOBEL TYE LLP
   One International Place, Suite 3700
5  Boston, MA 02110
   617-456-8000
6
   Attorneys for Plaintiff
7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11
   UNILOC 2017 LLC,                        Civil Action No.  3:19-cv-01905-JD
12
          Plaintiff,                       **PLAINTIFF'S OPPOSITION TO
13                                         DEFENDANT APPLE INC.'S
   v.                                      ADMINISTRATIVE MOTION FOR
14                                         RELIEF FROM PROTECTIVE ORDER**
   APPLE INC.,
15
          Defendant.
16

17        Uniloc 2017 LLC ("Uniloc") opposes Apple's Motion, Dkt. No. 168, for relief from the

18 Protective Order in this action, Dkt. No. 63. On July 22, 2019, this Court entered that Protective

19 Order, in which Apple had stipulated:

20        All Protected Material shall be used solely for this case or any related proceeding, and *not for
          any other purpose whatsoever, including without limitation any other litigation.*
21
22 Dkt. No. 63 at 4 (emphasis added). Apple now seeks to revoke its own stipulation in order to use

23 protected, highly confidential information obtained in this litigation from Uniloc (and Fortress

24 Investment Group ("Fortress")) in an action in which discovery is stayed. The Court should deny the

25 Motion because Apple has not shown good cause.

26

27

28

1

**BACKGROUND**

2 Apple, together with Intel Corp., filed an antitrust action in this district on November 22,

3 2019, *Intel Corp., et al. v. Fortress Investment Group, et al.*, Case No. 5:19-cv-07651-EMC

4 "Antitrust action"). In addition to naming Fortress as a defendant, Apple also named Uniloc, and

5 various other entities, alleging an "anticompetitive scheme" among the defendants to acquire patents

6 in certain areas. By acquiring those patents, Apple argued, the defendants could obtain

7 "supracompetitive royalties."

8 After the action was filed, Judge Chen, to whom the action was assigned, granted a stay of

9 discovery while he considered the defendants' motion to dismiss the complaint. *Id.*, Dkt. No. 158.

10 He has since twice granted that motion to dismiss, although allowing limited leave to re-plead. Id.,

11 Dkt. Nos. 187, 229.

12 The information Apple's Motion seeks to share with counsel in the antitrust action, and use

13 in that action, consists mainly of internal memoranda of Fortress "analyzing Uniloc and its

14 acquisition and assertion strategies." Mot. at 2. Uniloc understands Fortress's antitrust counsel has

15 entered an appearance in this action for the purpose of opposing that portion of the Motion, and will

16 be filing its own Opposition, to which Uniloc defers. But to the extent those documents report on

17 confidential communications with Uniloc or otherwise contain Uniloc's highly confidential

18 information, Uniloc joins in that Opposition and supports it fully.

19 Other than the Fortress documents, Apple seeks to share with its antitrust counsel in the other

20 action 1) the contract by which Uniloc acquired the patent-in-suit from Hewlett-Packard; and 2)

21 Uniloc's damages contentions in this action. It would seem Apple intends to argue to Judge Chen

22 that Uniloc's seeking damages for Apple's infringement which well exceed the patent's purchase

23 price should be equated with obtaining "supracompetitive royalties."

24 As to damages contentions, Judge Chen stated that damage demands in litigation have

25 "limited probative value." Antitrust action, Dkt. No. 229 at 25:4. And he rejected the assertion that

26 "supracompetitive pricing can be inferred if one were to compare the relatively low price that [an

27 entity] paid to acquire the patent compared to" the allegedly exorbitant damages the entity has

28

1  claimed for "alleged infringement of [that] patent." *Id.* at 26:22-27:2.  ("[E]ven assuming this is true,

2  the differential must plausibly be attributed to the aggregation of patent substitutes acquired by

3  defendants," which Apple had "failed to allege."). Judge Chen dismissed the action, but with partial

4  leave to amend. *Id.*

5          Apple has not shown the information is relevant to the antitrust matter. The Motion does not

6  attempt to explain how Uniloc's damages contentions in this matter, which have not been

7  adjudicated, could show Uniloc has sought or achieved "supracompetitive royalties." As Judge Chen

8  explained, a 'litigation demand may have some nexus to reasonable royalties if rationally based, but

9  it is still only a demand; there is no indication that anyone has paid that demand or anything close to

10  it." *Id.*, Dkt. No. 229 at 25:3-6.

11          A party cannot use discovery to cure a deficient complaint, *Ashcroft v. Iqbal*, 556 U.S. 662,

12  686 (2009), or to circumvent a stay of discovery. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

13  1122, 1132 (9th Cir. 2003) (a party is not entitled to modify a protective order "merely to subvert

14  limitations on discovery in another proceeding."). Apple is trying to use discovery in this matter to

15  correct deficiencies on its antitrust complaint.

16          Uniloc would be prejudiced if Apple's motion was granted. Uniloc had stipulated to the

17  terms of the Protective Order in reliance on the provision that Apple could not use Uniloc's highly

18  confidential, protected information "for any other purpose whatsoever." As this Motion

19  demonstrates, however, Apple is attempting to use highly confidential information collected in this

20  (and other) infringement litigation to circumvent limitations on its discovery in the case-in-chief.

21

22

23  DATED:  January 29, 2021                Respectfully submitted,

24                                 */s/ Aaron S. Jacobs*

                               James J. Foster

25                                 jfoster@princelobel.com

                               Aaron S. Jacobs (CA No. 214953)

26                                 ajacobs@princelobel.com

                               Thomas R. Fulford

27                                 tfulford@princelobel.com

                               PRINCE LOBEL TYE LLP

28

1

2

One International Place, Suite 3700
Boston, MA 02110
617-456-8000

3

*Attorneys for Plaintiff*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28