**IRELL & MANELLA LLP**
Michael D. Harbour (298185)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mharbour@irell.com

Counsel for Non-Party
FORTRESS INVESTMENT GROUP LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 3:19-cv-01905-JD<br><br>**NON-PARTY FORTRESS INVESTMENT GROUP LLC'S OPPOSITION TO APPLE'S REQUEST FOR RELIEF FROM PROTECTIVE ORDER** |

1  Non-party Fortress Investment Group LLC ("Fortress") opposes Apple Inc.'s ("Apple")
2  Administrative Motion For Relief From Protective Order.  Apple obtained Fortress's confidential
3  documents through a third-party subpoena.  Apple agreed, pursuant to the stipulated protective
4  order in this matter (the "Protective Order"), that these documents would be used for purposes of
5  this litigation only.  Now Apple seeks to rescind that promise through a procedurally improper
6  administrative motion so that it can use Fortress's protected information against it in another
7  litigation in which discovery is currently stayed.  By doing so, Apple hopes to circumvent that stay
8  so that it can resurrect a twice-failed antitrust complaint.  This does not constitute good cause to
9  modify a protective order.  Moreover, Apple's motion makes clear that it is already violating the
10 Protective Order by sharing Fortress's protected information with others and using such
11 information for the benefit of a third party to this action (Intel).  Its motion should be denied.

12 **I.    FACTUAL BACKGROUND**

13 Apple and Intel Corp. ("Intel") filed an antitrust action against Uniloc 2017 LLC
14 ("Uniloc"), Fortress, and other defendants more than 14 months ago.  *Intel Corp.et al. v. Fortress*
15 *Investment Group et al.,* Case No. 5:19-cv-07651-EMC, Dkt. No. 1 (N.D. Cal., Nov. 20, 2019)
16 (herein, the "Antitrust Action").  The defendants in the Antitrust Action moved to dismiss, *id.* Dkt.
17 No. 111, and stay discovery, *id.* Dkt. No. 113.  The Court entered a stay on March 25, 2020, which
18 remains in effect, *id.* Dkt. No. 158.  On July 7, 2020, Judge Chen dismissed Intel and Apple's
19 antitrust complaint for failure to state a claim.  *Id.* Dkt. No. 187.

20 Apple and Intel filed an amended complaint on August 4, 2020.  *Id.* Dkt. No. 192.  One of
21 their theories was that the difference between the purchase price for which certain defendants had
22 acquired patents and the damage demands these defendants had sought for infringement of these
23 patents constituted evidence of supracompetitive pricing.  *E.g.,id.* ¶ 337.  Apple and Intel further
24 alleged that defendants had refused to grant them permission to disclose this information, which
25 had been filed under seal in the patent litigations.  *Id.* ¶¶ 228-230, 247, 335.  Instead of seeking
26 relief from the protective orders in those patent litigations, Apple and Intel chose to use
27 defendants' response as an excuse for their failure to plead a cognizable claim.  Antitrust Action,
28 Dkt. No. 208 at 22:9-22 (arguing that pleading rules should be "relaxed" because defendants "have

1  taken action to keep Plaintiffs from being able to allege more specific details"). Judge Chen
2  rejected this tactic: "The Court does not condone Plaintiffs' failure to provide this information to
3  the Court. Plaintiffs could have, but did not, ask[] the courts presiding over the VLSI
4  infringement suits against Intel for relief from the protective order so that they could make a filing
5  under seal in this case." *Id.* Dkt. No. 229 at 22, n.9. He also concluded that VLSI's damage
6  demands in those litigations have "limited probative value" in any event, *id.* at 25:4, and rejected
7  Intel and Apple's assertion that "supracompetitive pricing can be inferred if one were to compare
8  the relatively low price that [a defendant] paid to acquire the patent compared to the exorbitant
9  damages[1] [the defendant] has claimed for Intel's alleged infringement of [that] patent." *Id*. at
10 26:22-27:2 ("[E]ven assuming this is true, the differential must plausibly be attributable to the
11 aggregation of patent substitutes acquired by Defendants," which "Plaintiffs have failed" to
12 allege). Judge Chen again granted dismissal with partial leave to amend. *Id.*
13     In the meantime, Apple began using the present litigation to pursue discovery against
14 Fortress. After Apple and Intel had filed their amended complaint in the Antitrust Action, but
15 before Judge Chen issued his second dismissal order, Apple sought to enforce a subpoena against
16 a Fortress subsidiary, FIG LLC ("FIG"), in the Central District of California on September 7,
17 2020. *Apple Inc. v. FIG LLC*, Case No. 2:20-mc-00088 (C.D. Cal.). The subpoena sought
18 documents related to Fortress's valuation of Uniloc and its patent portfolio. *Id.* Dkt. No. 1 at 1:19-
19 22. The district court granted Apple's motion on September 21, 2020. *Id.* Dkt. No. 13. FIG then
20 produced these documents, designating them "Highly Confidential-Attorneys Eyes Only" pursuant
21 to the stipulated protective order ("Protective Order") that Apple agreed to in this matter. That
22 Order states: "All Protected Material ***shall be used solely for this case or any related appellate***
23 ***proceeding, and not for any other purpose whatsoever, including without limitation any other***
24 ***litigation*** . . . ." *Id.* Dkt. 62-1 ¶ 6(a) (emphasis added).
25 **II.     THE RELIEF APPLE SEEKS IS NOT "ADMINISTRATIVE"**
26     Apple's motion should be denied because it is procedurally improper. Local Rule 7-11

---

28  [1] Judge Chen's use of "exorbitant" was taken from Apple and Intel's complaint. Antitrust Action, Dkt. No. 192 ¶ 149.

1  administrative motions are for minor "miscellaneous administrative matters, not otherwise
2  governed by a . . . Federal or local rule."  An administrative motion is "not the appropriate
3  vehicle" to obtain "substantive" relief.  *Hess v. Astrazeneca Pharm., L.P.*, No. C 06-0572 PJH,
4  2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006).  Modification of a protective order is
5  substantive and "Rule 26(c) of the Federal Rules of Civil Procedure governs protective orders."
6  *Phoenix Sols. Inc. v. Wells Fargo Bank*, 254 F.R.D. 568, 579 (N.D. Cal. 2008); *see also Bedwell v.*
7  *Fish & Richardson*, 2009 WL 10671333, at *6 (S.D. Cal. June 22, 2009) ("If Plaintiff wishes to
8  modify the current Protective Order . . . she may do so by following the procedures outlined in
9  Federal Rule of Civil Procedure 26(c) . . . .").  Thus, if Apple wanted to seek modification of the
10 Protective Order, it was required to proceed by a regularly noticed motion under Local Rule 7-2.
11 Its administrative motion should be denied on this basis alone.  *See Raymat Materials, Inc. v. A &*
12 *C Catalysts, Inc*., 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014) (administrative motion was
13 improper because it sought "relief governed by the federal rules").[2]

14 **III.    APPLE HAS NOT SHOWN GOOD CAUSE**

15        Even if its motion were procedurally proper, Apple has failed to satisfy its burden to
16 demonstrate "good cause to modify the protective order[]."  *In re Static Random Access Memory*
17 *(SRAM) Antitrust Litig*., No. 07-MD-01819 CW, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1,
18 2011).  To do so, Apple must "demonstrate the relevance of the protected discovery to the
19 collateral proceedings and its general discoverability therein."  *Foltz v. State Farm Mut. Auto. Ins.*
20 *Co*., 331 F.3d 1122, 1132 (9th Cir. 2003).  It has done neither.

21        First, a party cannot use discovery to cure a deficient complaint.  *Ashcroft v. Iqbal*, 556
22 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not
23 entitled to discovery, cabined or otherwise.").  And it is doubly inappropriate to do so by trying to
24 circumvent a stay of discovery.  *See Foltz*, 331 at 1132 (A party is not entitled to modify a
25 protective order "merely to subvert limitations on discovery in another proceeding."); *Del Campo*

---

[2] The fact that Apple's second amended complaint in the antitrust action is currently due on February 5, 2021 does not justify Apple's use of this improper procedure.  Moreover, the parties have agreed to a 31 day extension that they will soon be filing with the court.

1  *v. Am. Corrective Counsels.*, No. C-01-2115JWPVT, 2007 WL 902568, at *3 (N.D. Cal.
2  Mar. 22, 2007) ("[T]here is no basis to modify the protective order to allow use of documents" in
3  another litigation "because discovery is closed in that case."). Here, Apple has been using this
4  action to pursue discovery against Fortress while the Antitrust Action was pending. Granting
5  Apple's request would allow it to circumvent the discovery stay in the Antitrust Action in order to
6  use this discovery to cure its twice-failed antitrust complaint. This is improper.

7  Second, Apple has not demonstrated that the Fortress material it seeks to disclose is even
8  relevant to the Antitrust Action. Apple asserts that Judge Chen's dismissal order held that Apple
9  "should seek leave to include such information in an amended complaint," but this is highly
10 misleading. Admin. Mot. at 3:13-15. Judge Chen's order makes no mention whatsoever of the
11 Fortress documents that Apple seeks to disclose here, i.e., "Fortress memoranda analyzing Uniloc
12 and its acquisition and assertion strategies." *Id.* at 2:20-21. Rather, the information that Apple
13 and Intel failed to provide in their dismissed amended complaint concerned the purchase price and
14 damage demands related to certain patents. And Judge Chen did not hold that this information
15 was relevant either. As he explained in his dismissal order, this information is "of limited
16 probative value. A litigation demand may have some nexus to reasonable royalties if rationally
17 based, but it is still only a demand; there is no indication that anyone has paid that demand or
18 anything close to it." Antitrust Action, Dtk. No. 229 at 25:3-6. Regardless, Apple's motion does
19 not even attempt to explain what Fortress's information has to do with the numerous
20 "shortcomings" that Judge Chen identified in his dismissal order. Admin. Mot. at 1:21-2.

21 Finally, Fortress would suffer significant prejudice if Apple's motion were granted. Apple
22 stipulated that any information produced in this case would be used "solely for this case" and not
23 "for any other purpose whatsoever." Dkt. 62-1 ¶ 6(a). Fortress relied on this stipulation, yet now
24 Apple is attempting to use information produced in this case in a desperate and misguided attempt
25 to try to resurrect a fatally flawed (and twice dismissed) antitrust case against Fortress. *See In re*
26 *Static Random Access Memory*, 2011 WL 5193479, at *5 ("[T]he court must 'weigh the
27 countervailing reliance interest of the party opposing modification'") (quoting *Foltz*, 331 at 1133).
28 This is fundamentally unfair, and Apple should be bound by its stipulation. *Nichia Corp. v. Seoul*

*Semiconductor Co.*, No. C 06-0162 MMC, 2007 WL 2533729, at *2 (N.D. Cal. Aug. 31, 2007) (Stipulations are "not only between the parties, but also between them and the court, which the latter is bound to enforce.") (internal quotation marks omitted).

In sum, Apple asks this Court, through an improper administrative motion, to eliminate foundational terms of a Protective Order to which Apple stipulated and on which Fortress relied when agreeing to disclose its most sensitive business information. Apple's proposed changes to that longstanding Order would allow it to use this matter as a vehicle for obtaining discovery against Fortress that it could not obtain in the Antitrust Action. None of that is appropriate.

## IV.   APPLE IS ALREADY IMPROPERLY USING PROTECTED INFORMATION

Apple's motion makes clear that, not only is Apple improperly seeking to alter a stipulated Protective Order, but that Apple is already violating that same Order. It is apparent that Apple has already been reviewing, analyzing, and sharing Fortress's confidential information produced in this case for the purposes of developing and making arguments for, and drafting an amended antitrust complaint in, a ***different case*** brought by Apple and Intel (a non-party to this action). Specifically, it is not clear how Apple and Intel's counsel in the Antitrust Action (WilmerHale) would have known what was in the contents of the Fortress documents that are subject of this motion or how Apple's counsel in the present matter would have known that WilmerHale would want to use this information in the Antitrust Action absent some coordination, especially since this material was designated as "Outside Attorneys' Eyes Only." Harbour Decl. ¶ 3. Indeed, WilmerHale filed a very similar motion (sometimes word-for-word) on behalf of Intel to modify a protective order in an infringement case involving another one of the antitrust defendants. *Id.* ¶ 4. Such use and sharing of protected materials is plainly forbidden by the Protective Order, which states that such material can neither be used for "any other litigation" nor "disclosed or made available to anyone except as expressly provided in this Order." Dkt. 62-1 ¶ 6(a). What's worse is that Apple has used this information not only for the benefit of itself, but also for the benefit of Intel who is not even a party to this case. Violations of this Court's Order should not be countenanced and should certainly not be rewarded by granting Apple's highly improper request premised on those violations. Fortress also reserves all rights to seek relief for Apple's violations.

| | | |
|---|---|---|
| 1 | Dated:  January 29, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | IRELL & MANELLA LLP |
| 6 | | By: /s/ Michael D. Harbour |
| 7 | | *Counsel for Non-Party*<br>FORTRESS INEVSTMENT GROUP LLC |